**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| JANET S. BULLINGER, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 07-2131 |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| Defendant. ) | |

# REPORT AND RECOMMENDATION

In July 2007, Plaintiff, Janet S. Bullinger, filed a Complaint (#1) in the District Court for the Central District of Illinois against Defendant, Unum Life Insurance Company of America, alleging violations of contract terms and conditions, resulting in the denial of disability benefits. The Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's claim for benefits under the Employment Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1132.

In December 2007, Defendant filed a Rule 12(b)(6) Motion To Dismiss the Complaint (#5). Plaintiff filed a Response to the Motion To Dismiss (#8), including a request to file an amended complaint if the Court granted the motion to dismiss. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss the Complaint **(#5)** be **GRANTED.**

## I. Background

The following background is based on the complaint. Plaintiff worked full-time for Worden-Martin, Inc. (hereinafter "Worden-Martin") from March 6, 1996, through October 31, 2005, and then, per company policy, as a part-time employee from November 1, 2005, until March 23, 2006. (#1, ¶ 6.) Plaintiff's job title was receptionist/administrative assistant. (#1, ¶ 6.)

Under the contractual Unum Life Insurance Policy (hereinafter "Plan/Policy") which was offered to Plaintiff and other Worden-Martin employees, Plaintiff was eligible to receive long term disability benefits. (#1, ¶¶ 7, 9.) The long term disability benefits plan under this Policy is an "employee benefits pension plan" or an "employee benefit welfare plan" as those terms are defined under ERISA. (#1, ¶ 7.) Under 29 U.S.C. § 1002(7), Plaintiff's status as an employee qualified her as a "participant" pursuant to ERISA's definition. (#1, ¶ 8.)

On August 25, 2004, Plaintiff took a leave of absence due to a serious medical condition and subsequently filed a claim for benefits under the terms of the Policy. (#1, ¶ 10.) On November 22, 2004, Plaintiff returned to work on a part-time basis with restricted hours at the direction of her treating physician. (#1, ¶ 10.) Beginning January 10, 2005, Plaintiff's treating physician permitted her to work thirty hours per week with restrictions. (#1, ¶ 10.)

Defendant initially denied Plaintiff's claim for disability benefits because Plaintiff was not a full-time employee as defined under the Policy. (#1, ¶ 11.) On appeal, Defendant reversed its previous decision and held that Plaintiff was entitled to benefits, after the 90-day elimination period, for the period of January 6, 2005, through January 9, 2005. (#1, ¶ 11.) Plaintiff denied that she had been returned to work on a full-time basis and claimed to be entitled to benefits on the basis of being "disabled" or "partially disabled" as those terms are defined under the Policy. (#1, ¶ 12.) Defendant denied Plaintiff's appeal by declining to grant benefits after January 9, 2005, on the basis that Plaintiff was a full-time employee beginning January 10, 2005. (#1, ¶ 11, 13.) On August 24, 2006, Defendant issued its final written decision on Plaintiff's appeal. (#1, ¶ 17.)

Plaintiff alleges that Defendant's rationale for denying Plaintiff's benefits was contrary to the evidence and therefore, an arbitrary and capricious decision. (#1, ¶ 14.) Plaintiff alleges that she complied with all of Defendant's demands for information and all Policy requirements which are relevant to benefits. (#1, ¶ 15.) Plaintiff further contends that the decision to deny her benefits violated contract terms and conditions. (#1, ¶ 16.) Plaintiff alleges that due to Defendant's beach of contract and its wrongful denial of benefits, Plaintiff has been denied

benefits constituting a sum of $961.61 per month beginning January 10, 2005.  (#1, ¶ 18.) Plaintiff prays for judgment against Defendant in the amount of $28,848.30 as of July 10, 2007, plus costs and any other relief the Court deems just and proper.  (#1, ¶ 18.)

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rules of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 U.S. 1955, 1965, 1973 n.14 (2007)).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.*, 127 U.S. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

## III.  Analysis

Defendant argues that Plaintiff's claim against Defendant was improper.  Specifically, Defendant contends it is well established that a claim to recover benefits under Section 502(a)(1)(B) of ERISA may only be asserted against the employee welfare benefit plan, as an entity, and not against the plan's insurer and claims administrator.

In support of this argument, Defendant cites Section 502(d)(2) of ERISA which states that "[a]ny money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person."  29 U.S.C. § 502(d)(2).  Consistent with the statute, the Seventh Circuit has stated that "[g]enerally, in a suit for ERISA benefits, the plaintiff is 'limited to a suit against the Plan.'"  *Mote v. Aetna Life Ins.*

*Co.*, 502 F.3d 601, 610 (7th Cir. 2007) (quoting *Blickenstaff v. R.R. Donnelley & Sons Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004)). *See also Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir. 1996) (stating that "[t]he claim was nonetheless properly dismissed because Jass sued Margulis in an individual capacity and 'ERISA permits suits to recover benefits only against the Plan as an entity.'").

Defendant argues that plan administrators, plan sponsors, and other plan fiduciaries are considered improper parties for Section 502(a)(1)(B) claims and should be dismissed. *See Berg v. BCS Fin. Corp.,* 372 F. Supp. 2d 1080, 1089 (N.D. Ill. 2005). In general, when the name of the plan is identifiable, the proper defendant in an ERISA suit is the plan entity. *See Moffat v. Unicare Health Ins. Co. of the Midwest,* No. 04 C 5685, 2005 WL 147449, at *3-4 (N.D. Ill. Jan. 20, 2005).

In the event the plan's identity cannot be determined, the Seventh Circuit has allowed such claims to be brought against the plan administrator. *See, e.g., Riordan v. Commonwealth Edison Co.,* 128 F.3d 549 (7th Cir. 2001) (discussing the uncertainty of the plan's identity when the exact relationship between ComEd and the plan was not clear, the plan documents referred to ComEd and the plan interchangeably, and the company designated itself as the plan's agent for service of process); *Mein v. Cars Corp.,* 241 F.3d 581 (7th Cir. 1999) (holding that the employer was the proper defendant to an ERISA action where the employer and the plan were closely intertwined and the employer was plan administrator). This exception is available to afford plaintiffs the right to sue in the face of uncertainty regarding the identity of the plan.

In the instant case, Defendant contends that the Plan documents clearly identify the Plan's name and identification number as "Worden-Martin, Inc., Plan No. 000505." (*See* #9, p. 18). Because the Plan documents provide the Plan's name, Unum is not a proper defendant.

In response, Plaintiff argues that the first page of the Plan attached to Plaintiff's Complaint as Exhibit "A" identifies Unum by name, indicates that the Plan is underwritten by Unum, and refers to policy number "374137." Plaintiff further argues that the Plan's language

contains certain promises made by Defendant to the Plan's beneficiaries (including Plaintiff), and Defendant has breached this promise.

After reviewing all relevant documents, this Court concludes that the Plan is clearly identified and thus is the proper Defendant to this action.  The exceptions to the general rule do not apply.  Accordingly, the Court recommends granting Defendant's motion to dismiss.  In addition, the Court recommends allowing Plaintiff to amend its complaint.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Rule 12(b)(6) Motion To Dismiss the Complaint **(#5)** be **GRANTED**.  The Court further recommends directing the Clerk of the Court to file Plaintiff's proposed Amended Complaint, now attached to Plaintiff's Response (see #8, pp. 4-7).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 6th day of February, 2008.

                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE